UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 09-cr-60033-COHN

UNITED STATES OF AMERICA,

v.

UBS AG,
                Defendant.
_____/

## MOTION TO REOPEN, INTERVENE AND UNSEAL

Movant, Kenneth Heller, by counsel, moves to re-open this case in order to intervene and unseal Exhibit E to the Deferred Prosecution Agreement (D.E. 20). For the reasons set out below Movant seeks an order:

(1) Re-opening the case

(2) Permitting Movant to Intervene

(3) Unsealing sealing Exhibit E to the Deferred Prosecution Agreement to the extent it refers to or concerns Movant; and

(4) Unsealing any other documents under seal to the extent they refer to or concern Movant.

### FACTUAL HISTORY

Kenneth Heller is a United States citizen who has been indicted in the Southern District of New York (Case No.: 10-cr-388-PKC) for failure to file income tax returns and for the failure to file Foreign Bank Account Reports. The charges in this indictment arise from an offshore bank account maintained with UBS of which, it is alleged, that Mr. Heller was the "beneficial owner." The Assistant United States Attorney in the Southern District of New York in charge of the prosecution informed counsel for Mr. Heller that the government learned of Mr. Heller at about the time of the Deferred Prosecution Agreement between the United States and UBS.

1

In this case, the Deferred Prosecution Agreement, in broad terms, was an agreement between the United States and UBS whereby UBS would avoid criminal prosecution if it agreed to "cooperate" with the United States. In pertinent part, the gist of this "cooperation" was that UBS was required, in violation of Swiss law, to provide secret information and secret files about its customers who were U.S. taxpayers who maintained offshore accounts at UBS. The Deferred Prosecution Agreement, at Section 9, required as follows:

> "UBS shall provide or cause to be provided to the Government the identities and account information of certain United States clients (the 'Disclosed Accounts') as set forth in a letter between UBS and the Government, dated February 16, 2009 (the 'Account Disclosure Letter'), attached hereto as Exhibit E and filed separately under seal . . . ."[1]

At the time the Government extracted UBS' agreement to turn over the Disclosed Accounts, the Government acknowledged that it "understands that UBS is subject to certain Swiss laws, which may impact its ability to provide documents and information in connection with its cooperation obligations under the [Deferred Prosecution] Agreement and that FINMA and other competent Swiss Authorities provide authoritative guidance in this regard." (Deferred Prosecution Agreement §10).

In essence, the United States Government was fully aware that Swiss law prohibited the disclosure of secret customer information as this was prohibited and was illegal under the Swiss Banking Act. In addition, its is clear that UBS, in participating in this illegal conduct, was doing these acts upon the instructions and demands of the United States Government in order to avoid criminal prosecution.

At the time of the Deferred Prosecution Agreement, the United States was aware that Swiss law prohibited UBS from disclosure of this customer information. Nevertheless, the "authoritative

---

[1] A review of the docket sheet does not reveal any motion to seal Exhibit E or any order of this Court sealing Exhibit E. Local Rule 5.4 (b) (2) and (3) requires a motion and order.

2

guidance" received from FINMA (the Swiss Financial Market Regulatory Authority) was an expedient order issued by FINMA (less than 60 days after it came into existence), ordering UBS to turn over legally protected and secret customer information despite that it violated Swiss law. [2] This "order" was determined to be unlawful by the Swiss Federal Administrative Court. [3]

Mr. Heller believes, based upon the information provided by the AUSA in the Southern District of New York, that the UBS account which led to his indictment was one of the Disclosed Accounts illegally disclosed by UBS as part of its duty to cooperate. Accordingly, Movant intends to file a motion to suppress the evidence that the Government received from UBS, as well as all evidence that flowed therefrom. The exclusionary rule applies to searches if American law enforcement officials participated in the foreign search, or if the foreign authorities actually conducting the search were acting as agents for their American counterparts. *United States v. Emmanuel*, 565 F.3d 1324, 1330 (11th Cir. 2009); *United States v. Morrow*, 537 F.2d 120, 139 (5th Cir. 1976). Hence, it is clear on the face of the Deferred Prosecution Agreement that the Government coerced UBS into illegally providing the Disclosed Accounts as the price of avoiding criminal prosecution and the Swiss, through FINMA, in effect conducted the illegal search by illegally ordering UBS to provide the Government with the Disclosed Accounts in violation of Swiss law. However, Movant is not arguing its motion to suppress before this Court, but demonstrating

---

[2] The secret accounts and customer information disclosed to the United States was ordered by FINMA based upon FINMA's authority pursuant to Articles 25 and 26 of the Swiss Banking Act to prevent series liquidity problems in the Swiss banking system.

[3] The Swiss Federal Administrative Court is the court with exclusive jurisdiction on these federal questions. More than a year thereafter, although not before the secret information was illegally disclosed by UBS in violation of Swiss law, the Swiss legislature passed a law that permitted prospective disclosure of secret customer information in certain circumstances.

that its motion to be filed in the SDNY is not frivolous or without legal basis.

Movant waives any privacy rights that the Government may have used to justify its sealing of Exhibit E and any other sealed documents in this matter in so far as they relate to him or the unsealing of the those documents would reveal any information concerning him that would otherwise be protected. Since Movant has been indicted, the Government can no longer rely on the need to keep Exhibit E and related documents under seal since its investigation of Movant is now at the prosecution stage. Where the Government seeks to inhibit disclosure of sensitive information it must demonstrate a compelling need and narrowly tailor such restrictions. *Federal Trade Commission v. USA Beverages, Inc.*, 2005 U.S. Dist. LEXIS 39064, *2-3 (S.D. Fla. Nov. 4, 2005). The need to keep documents sealed due to ongoing criminal investigations can be reviewed as circumstances change. *United States v. Steinger*, 626 F. Supp. 2d 1231 1237-38 (S.D. Fla. 2009). Movant requires the information concerning him contained in Exhibit E and any related documents to be able to demonstrate to the court in the SDNY that the Government's evidence should be suppressed as it is all based on a violation of his Fourth Amendment rights.

## RE-OPENING AND INERVENTION

This case is closed. Movant requests the Court re-open the case to permit him to intervene to enable movant to obtain the relief he seeks, *i.e.* unsealing of Exhibit E and any other sealed documents relating to him. Movant is entitled to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). Alternatively, the Court should grant permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1).

**A.    INTERVENTION AS A MATTER OF RIGHT**

Federal Rule of Civil Procedure 24(a)(2), the Court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so

situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. *See also, Fed. Savings & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993) (*citing Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

The Eleventh Circuit has declared that, in order to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), the Court must consider the following factors:

(1) whether the intervention application is timely;

(2) whether there exists an interest that is relevant to the property or transaction which is the subject of the action;

(3) whether the disposition of the action, as a practical matter, may impeded or impair the ability to protect that interest; and

(4) whether the parties to the lawsuit inadequately represent the interests.

*Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508 (11th Cir. 1996) (*citing Chiles*, *supra.* 865 F.2d at 1213). Movant satisfies each of the four requirements.

<u>Timeliness</u>

Movant's motion to intervene is timely. To determine timeliness, courts consider four factors, including:

"(1) the length of time during which intervenor knew or reasonably should have known of his interest in the case before moving to intervene;

(2) the extent of prejudice to the existing parties as a result of the intervenor's failure to move for intervention as soon as they knew or reasonably should have known of their interest;

(3) the extent of prejudice to the intervenor if his motion is denied; and

(4) the existence of unusual circumstances militating either for or against a determination that the motion is timely."

*Stallworth v. Monsanto Co.*, 558 F.2d 257, 265-266 (5th Cir. 1977). Here, the Movant satisfies

each of the four timeliness factors.

Movant was indicted in the Southern District of New York in May 2010. Discovery is still ongoing and pretrial motions are not yet due. During the course of discovery the Assistant United States Attorney stated that he believed that the Government learned of Movant at about the time of the Deferred Prosecution Agreement.

There will be no prejudice to the existing parties. UBS has satisfied the conditions imposed on it by the Government for deferred prosecution and the case against it has been dismissed and closed. The Government likewise has gotten the benefit of its bargain with UBS. Neither of the existing parties will be prejudiced by unsealing Exhibit E and other documents to the limited extenet they concern Movant. On the contrary, if intervention is denied, Movant will be greatly prejudiced in his ability to suppress what he believes is the tainted evidence. [4]

Interest Related to the Transaction

Movant clearly has an interest in determining if his was one of the disclosed accounts that UBS turned over in violation of Swiss law and the extent of the Government's participation in causing this to happen, all in violation of Movants constitutional rights.

Impede or Impair

The closing of this case leaving Exhibit E and other documents concerning Movant, if in fact Exhibit E and other documents were ever sealed, impairs Movant's ability to successfully bring a

---

4   In this regard it is worth noting that, according to the docket sheet in this case, there is no public order sealing Exhibit E, the Court did not publically make any findings regarding the sealing of Exhibit E or set the date the sealing order expires. "When sealing . . . documents, a court must articulate the overriding interest 'along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.'" (citations omitted) "The court must also provide members of the public and press who are present with notice and an opportunity to be heard on the proposed closure." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005).

motion to suppress in the SDNY. The threshold issue in satisfying his burden of proof with regard to such a motion is to prove that in fact his is one of the UBS disclosed accounts turned over to the Government in violation of Swiss Law. The unsealing of Exhibit E is absolutely critical to Movant's ability to make such a showing.

<u>Inadequate Representation</u>

It restates the obvious to state that neither the Government, which is prosecuting Movant, nor UBS, who disclosed his account to the Government in violation of Swiss Law to save itself from prosecution, had any interest in protecting Movant's interest.

**B.    ALTERNATIVELY, MOVANT IS ENTITLED TO PERMISSIVE INTERVENTION**

Federal Rule of Civil Procedure 24(b)(1)(B) on permissive intervention provides: "[o]n timely motion, the court may permit anyone to intervene who: has a claim or defense that shares with the main action a common question of law or fact."

As set forth above, the motion to intervene is timely. The Movant's claim shares a common question of law and fact -whether the provision of the Disclosed Accounts to the Government by UBS and the demand by the Government that UBS provide this information violated Swiss law and was a violation of the 4th Amendment protection against unlawful search and seizure. [5] Movant should therefore be entitled to permissive intervention under Rule 24(b)(1)(B) as well.

WHEREFORE, Kenneth Heller moves this Court to re-open this case for the purpose of permitting Movant to intervene and ask the Court to unseal Exhibit E to the Deferred Prosecution

---

[5] Federal Rule of Civil Procedure 24(b)(3) also requires that courts consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." The proposed intervention will not unduly delay or prejudice the adjudication of the rights of the original parties in this case as those rights have been adjudicated and the case closed.

Agreement and any documents that relate to or concern Movant Kenneth Heller.

Dated:    March 1, 2011

                Respectfully submitted,

                /s Gerald J. Houlihan
                Gerald J. Houlihan (Fla. Bar No. 0458430)
                Email:  houlihan@houlihanlaw.com
                Houlihan & Partners, P.A.
                2332 Galiano Street, Second Floor
                Coral Gables, Florida 33134
                Telephone:     (305) 460-4091
                Facsimile:      (305) 397-0955
                Attorneys for Movant Kenneth Heller

*OF COUNSEL*

Jeffrey Harris, Esq.
jharris@rwdhc.com
Max Riederer von Paar, Esq.
mriederer@rwdhc.com
Rubin, Winston, Diercks, Harris & Cooke, L.L.P.
1201 Connecticut Avenue, NW, Suite 200
Washington, D.C. 20036
Telephone:    202-861-0870
Facsimile:     202- 429-0657

## CERTIFICATE OF SERVICE

  I hereby certify that on March 1, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

                /s Gerald Houlihan
                  Gerald J. Houlihan

**SERVICE LIST**

Jeffrey A. Neiman
Email: jeffrey.a.neiman@usdoj.gov
Wifredo A. Ferrer
United States Attorney
Email:  wilfredo.a.ferrer@usdoj.gov
United States Attorney's Office
500 East Broward Boulevard, 7th Floor
Fort Lauderdale, FL 33394
Telephone:     954-356-7255 ext 3595
Facsimile:     954-356-7336

Ana Hirfield Barnett
Email: abarnett@swmwas.com
Eugene E. Stearns
Email: estearns@stearnsweaver.com
Gordon McRae Mead , Jr.
Email: gmead@stearnsweaver.com
Stearns Weaver Miller Weissler Alhadeff & Sitterson
Museum Tower
150 W Flagler Street, Suite 2200
Miami, FL 33130
Telephone:     305-789-3400
Facsimile:     305-789-3395

John F. Savarese
Email: jfsavarese@wlrk.com
Martin J.E. Arms
Email: mjearms@wlrk.com
Ralph M. Levene
Email: rmlevene@wlrk.com
Wachtell Lipton Rosen & Katz
51 W 52nd Street
New York, NY 10019
Telephone:     212-403-1000
Facsimile:     212-403-2000